Gtieen, J.
dissentiente. Dale had several tenants on the same tract of land; one only of whom was sued.— The plaintiff’s grant, as described in the declaration, covered the whole of Dale’s tract, and included all his tenants. He caused himself to be made defendant instead of the tenant who was sued, and pleaded to the declaration. A recovery was had by the plaintiff, and all Dale’s tenants were turned out of possession. This is a motion made by Dale to be restored to the possession of those tenements, the possessors of which were not sued. It is manifest, if dale had not caused himself to be made defendant in place of the one sued, that upon the rendition of a judgment against him, he only could have been turned out. But how is the case altered by the landlord becoming defendant? He defended for such tenant only; the issue upon his plea could not embrace and put in controversy any more land than would have been embraced by an issue made up by the tenant himself, and consequently the judgment could only award execution for the land which had been put in issue by the pleadings. The fact that the tenants who were not sued having gone out of possession during the pendency of the suit, and being succeeded by others can make no difference. The latter were no more liable to the operation of the action of ejectment than the former. Nor can the fact, that Dale, the landlord of all the tenants, and not the tenants themselves, is complaining, alter the principles of the case.— *154 ^ have-shown that Dale’s defence of the action -was no broader than would have been the defence of the tenant sued; so his right to be exempted from the operation of the writ of possession is the same which would have existed in the tenants not sued. That these tenants could not have been turned out must be admitted, for that would have been depriving them of their possession by virtue of a proceeding of which they had no notice; and although they might hold under the same title, yet there might have existed facts in their cases, which, if shown, would have prevented a recovery, and which facts did not exist in the case of the tenant who was sued. Suppose there are several tenants on the same tract; the possession of neither will extend to the whole tract, and, consequently, if one be sued who has not had possession seven years, the fact that another has had such possession will be no defence. In such case would a judgment against such one authorize all to be turned out? Surely not; although the landlord may have defended.
I am of opinion, therefore, thatthé plaintiff took possession of more land than he was entitled by his recovery in this case, because no tenant, who was in possession anterior to the commencement of this ejectment, ought to have been dispossessed upon a judgment and writ of possession to which he was no party. 1 Caine’s Rep. 500.
The landlord Dale is in the condition of both his tenants, subject to the liabilities of the one, and entitled to the rights of the other.
As to the practice, it is settled, that if a plaintiff cause himself to be put in possession of more land than he is entitled to by his verdict and judgment, the court will set it right in a summary way. Run. Eject. 149: 5 Johns. Rep. 366: 2 Bac. Ab. 434: 5 Bur. 2773: 3 Wilson’s Rep. 49: 1 Caine’s Rep. 499: Blair vs. Pathkiller’s lessee, 5 Yerg. 230.
Motion refused.